AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL–CIO, LOCAL 2736, Petitioner,

v.

FEDERAL LABOR RELATIONS AUTHORITY, Respondent.

No. 82–2175.

United States Court of Appeals, District of Columbia Circuit.

Argued June 2, 1983.

Decided Aug. 19, 1983.

Kevin M. Grile, Washington, D.C., with whom James R. Rosa, Washington, D.C., was on the brief, for petitioner.

William R. Tobey, Atty., Federal Labor Relations Authority, Washington, D.C., with whom Steven H. Svartz, Acting Sol., Federal Labor Relations Authority, Washington, D.C., was on the brief, for respondent.

Before ROBINSON, Chief Judge, and WRIGHT and WALD, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

Petitioner, the American Federation of Government Employees, AFL–CIO, Local 2736 (the union), asks us to overturn a determination by the Federal Labor Relations Authority (the Authority) that the union's negotiability appeal—ordinarily entitled to expedited review under Title VII of the Civil Service Reform Act of 1978, 5 U.S.C. § 7101 *et seq.* (1982)—should instead be processed as a standard unfair labor practice complaint because of the existence of a factual dispute between the union and the employing agency, the United States Air Force.

The union, a labor organization certified as exclusive collective bargaining representative for certain civilian employees of the Department of the Air Force, Headquarters 379th Combat Support Group (SAC), Wurtsmith Air Force Base, Michigan (the Air Force), entered into contract negotiations with the Air Force in February 1981. All parties agree that one subject under discussion was the practice of contracting-out certain unit work. The union proposed that the following terms be included in the collective bargaining agreement:

*Section 3.* The employer further agrees that:

A. Any cost study used as justification for a decision to contract-out must have the same scope of work for both in-house and contracting-out estimates.

B. Any in-house estimates on a cost study used as justification for a decision to contract-out must be based on the most efficient and cost effective organization for in-house performance.

C. No contract award shall be made until all grievance procedures, up to and including arbitration, are exhausted in regard to any contract provision pertaining to the impact and implementation of a contracting-out decision.

Appendix at 80. The Air Force protested that this language was "non-negotiable" because it violated the agency's preserved "management rights" under Section 7106(a)(2)(B) of the Federal Service Labor-Management Relations Act, 5 U.S.C. § 7101 *et seq.* (1982), to make all determinations with respect to contracting-out. The union then initiated appropriate procedures pursuant to 5 U.S.C. § 7117 (1982) to obtain an expedited ruling from the Authority on the negotiability of the Section 3 proposals.

The course of contract negotiations after this point is a matter of dispute between the union and the Air Force. Evidently some agreement was reached, and that agreement contained some provisions relating to contracting-out. The union claims that: (1) the executed agreement was not intended to preclude appeal on the issues claimed to be nonnegotiable because the agreement's provisions were not "substitutes" for the disputed Section 3 proposals, but were "additional" proposals on the same subject; and (2) the agreement included a contract reopener clause that provides for a negotiability appeal to the Authority in the

event of nonagreement.[1] The Air Force claims that the executed agreement's provisions on contracting-out were intended as substitutes for the disputed proposals and, further, that the reopener clause did not apply since the union by its conduct had waived its right to bargain on the proposals.

In resolving the union's negotiability appeal, the Authority therefore faced both the legal issue of whether the Section 3 proposals were negotiable and the factual issues of whether or not the contracting-out provisions of the executed agreement were intended as substitutes for the Section 3 proposals and whether the union had waived its rights under the contract reopener clause. The union and the Air Force submitted statements to the Authority outlining their positions, pursuant to the procedures set out in 5 U.S.C. § 7117 (1982) and 5 C.F.R. § 2424 (1982).

The Authority's decision, rendered more than 15 months after the union filed its negotiability appeal, did not address the issue of the negotiability of the union's Section 3 proposals. Instead, in a terse statement the Authority dismissed the union's appeal on the ground that the existence of factual disputes regarding the Section 3 proposals required that the entire dispute be processed through either the standard unfair labor practice procedures of 5 U.S.C. § 7118 (1982) or through the parties' own contractual grievance procedures. Both avenues would entail a hearing to resolve the factual as well as the legal issues in dispute. The decision of the Authority is attached to this opinion as Appendix A.

The union argues that both the statute, 5 U.S.C. § 7117(c) (1982), and the Constitution require resolution of this dispute through the expedited negotiability appeals procedure. We need not reach the constitutional claim[2] because the statutory command, as supplemented by the legislative history, is unmistakable. Section 7117(c)(1) states: "Except in any case to which subsection (b) of this section applies, if an agency involved in collective bargaining with an exclusive representative alleges that the duty to bargain in good faith does not extend to any matter, the exclusive representative may appeal the allegation to the Authority in accordance with the provisions of this subsection." 5 U.S.C. § 7117(c)(1) (1982).[3] And Section 7117(c)(6) states: "The Authority shall expedite proceedings under this subsection to the extent practicable and shall issue to the exclusive representative and to the agency a written decision on the allegation and specific reasons therefor[ ] at the earliest practicable date." 5 U.S.C. § 7117(c)(6) (1982). Read together, Sections 7117(c)(1) and 7117(c)(6) entitle the exclusive representative to review of negotiability issues expedited as much as is "practicable"; the decision whether to grant expedited review is not left to the discretion of the Authority.

Legislative history, though sparse, supports this reading of the statute. The language of Section 7117(c) was proposed by Representative Udall as a substitute for language in an earlier version of this Act, as reported by the House Committee on Post Office and Civil Service, which would have processed negotiability appeals

1. The reopener clause read as follows: "If an item(s) is declared non-negotiable, the items will be withdrawn from normal negotiations; the remainder of the Agreement will be negotiated and finalized. Upon receipt of decision on negotiability from the Federal Labor Relations Authority, the item(s) will be negotiated and included in the original Agreement. Negotiations will begin within 30 days of a determination of negotiability by the FLRA." Appendix at 40.

2. The union claims, in essence, that § 7117(c) granted it an entitlement to expedited review, protected under the Due Process Clause of the

Fifth Amendment, and that the Authority deprived it of this entitlement without constitutionally sufficient procedures. We intimate no view as to whether the union has a constitutionally protected interest and, if so, how much process would be due that interest.

3. Subsection (b) of § 7117 involves "compelling need" determinations which are not at issue in this case, and the provision of § 7117(c) excepting such determinations from review under § 7117(c) procedures is therefore of no relevance to resolution of this case.

through the standard unfair labor practice procedure, 5 U.S.C. § 7118 (1982), that the Authority seeks to use to resolve the union's negotiability appeal in this case. *See* 124 Cong.Rec. 29174–29182 (1978). Accepting the Udall substitute, Congress expressed its intention that negotiability disputes not be subject to the cumbersome unfair labor practice procedures, but be resolved through the streamlined Section 7117(c) process. *Accord Nat'l Federation of Federal Employees, Local 1167 v. FLRA,* 681 F.2d 886, 889–890 (D.C.Cir.1982) ("Congress apparently understood the severe impact of negotiability disputes on effective collective bargaining. * * * The appeals procedure is thus intended to resolve negotiability disputes speedily, thereby minimizing the interruption of normal collective bargaining.").

The Authority would seem to be arguing in this case that expedited review was not "practicable," and therefore not mandated by Section 7117(c), because factual issues existed regarding the Section 3 proposals and the expedited review procedures of Section 7117(c) are ill-suited to finding facts. On this basis, the Authority claims it had discretionary power to make the "reasonable" decision that both the negotiability and the factual issues be determined together in a standard unfair labor practice proceeding

pursuant to Section 7118, or in a grievance procedure pursuant to the parties' executed agreement. We do not agree. Although we ordinarily accord ample deference to decisions of the Authority establishing procedures pursuant to its enabling statute, *see Dep't of Defense v. FLRA,* 659 F.2d 1140, 1158 n. 97, 1162 n. 121 (D.C.Cir.1981), *cert. denied sub nom. AFGE v. FLRA,* 455 U.S. 945, 102 S.Ct. 1443, 71 L.Ed.2d 658 (1982), we must reject any construction by the Authority that is "inconsistent with a statutory mandate or that frustrate[s] the congressional policy underlying a statute." *NLRB v. Brown,* 380 U.S. 278, 291, 85 S.Ct. 980, 988, 13 L.Ed.2d 839 (1965). In this case the Authority's decision that both negotiability and factual issues be determined in an unfair labor practice or contractual grievance hearing contravenes the clear statutory mandate of Section 7117(c) that negotiability disputes be processed as expeditiously as is practicable.[4] Neither the relevant statute and regulations nor the factual posture of this dispute preclude the Authority from granting expedited review of the negotiability claim while processing the factual dispute regarding the Section 3 proposals in some fashion.[5] Indeed, agency regulations apparently contemplate such a bifurcated approach in some cases. *See* 5 C.F.R. § 2424.5 (1982).[6]

4. The Authority apparently interprets the language of § 7117(c)(6) mandating it to "expedite proceedings under this subsection to the extent practicable," 5 U.S.C. § 7117(c)(6) (1982), as meaning that the Authority has discretion to expedite whichever negotiability appeals it reasonably finds practicable to expedite. We cannot accept this reading. The more natural intendment of the quoted language, which we believe captures the intent of Congress, is that the Authority must expedite *every* negotiability appeal under § 7117(c) to the extent practicable. When we construe an act of Congress it is our duty to effectuate the legislative purposes that Congress expresses in the statute. *See Nat'l Petroleum Refiners Ass'n v. FTC,* 482 F.2d 672, 689 (D.C.Cir.1973) ("In determining the legislative intent, our duty is to favor an interpretation which would render the statutory design effective in terms of the policies behind its enactment and to avoid an interpretation which would make such policies more difficult of fulfillment, particularly where, as here, that interpretation is consistent with the plain

language of the statute."). Our reading of § 7117(c)(6) advances the congressional goal of swift resolution of negotiability disputes far more than does the unnatural construction that the Authority would have us put upon the statute.

5. Neither party has argued that the negotiability issue and the factual issues regarding Section 3 must be determined in the same proceeding because they are not analytically severable. We therefore do not decide whether a union's statutory entitlement to expedited review of negotiability issues under § 7117(c) would require the Authority to undertake expedited review of factual issues as well in a case in which resolution of the negotiability issue would be advanced by resolution of interdependent factual issues.

6. Section 2424.5 governs situations in which a labor union files both a § 7117(c) negotiability appeal and a § 7118 unfair labor practice complaint that involves a negotiability issue. In

We therefore hold that Section 7117(c) entitles the union to expedited review of the negotiability issue in its appeal, but that the Authority has discretion to decide how to process the remaining factual issues regarding the Section 3 proposals.[7] Accordingly, the petition for review is granted, and the decision of the Authority is vacated and remanded to the Authority for further proceedings consistent with this opinion.

*So ordered.*

## APPENDIX A

9 FLRA No. 90

UNITED STATES OF AMERICA BEFORE THE FEDERAL LABOR RELATIONS AUTHORITY, WASHINGTON, D.C.

Case No. 0–NG–471

AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL–CIO, LOCAL 2736, UNION

and

DEPARTMENT OF THE AIR FORCE, HEADQUARTERS 379TH COMBAT SUPPORT GROUP (SAC), WURTSMITH AIR FORCE BASE, MICHIGAN, AGENCY

### DECISION AND ORDER ON NEGOTIABILITY APPEAL

The petition for review in this case comes before the Authority pursuant to section 7105(a)(2)(E) of the Federal Service Labor-Management Relations Statute (the Statute). Upon careful consideration of the entire record, including the parties' contentions, the Authority makes the following determination.

In agreement with the Agency, the Authority finds that the present dispute is improperly before the Authority as a negotiability issue to be resolved pursuant to section 7117 of the Statute. Rather, it should have been processed either through the unfair labor practice procedures of the Statute or through the parties' contractual grievance procedure. In this regard, the Agency asserts that the Union has waived its right to negotiate the matters at issue since the local parties reached agreement on mutually acceptable language regarding the matters covered by the proposals contained in the Union's instant appeal to the Authority; such language was incorporated in the local agreement which was executed prior to the Union's appeal; and the parties' contractual reopener clause, relied upon by the Union, is inapplicable based upon factual circumstances surrounding the negotiation and execution of the local agreement. *See American Federation of Government Employees, AFL–CIO, Local 32 and Office of Personnel Management, Washington, D.C.,* 7 FLRA No. 91 (1982).

Accordingly, pursuant to section 2424.10 of the Authority's Rules and Regulations, IT IS ORDERED that the Union's petition for review be, and it hereby is, dismissed.

Issued, Washington, D.C., August 3, 1982

/s/ Ronald W. Haughton
RONALD W. HAUGHTON,
Chairman

/s/ Henry B. Frazier III
HENRY B. FRAZIER III,
Member

such situations the regulation gives the union the option of going forward with either the negotiability proceeding or the unfair labor practice proceeding. The regulation does not require that all disputes involving more than a simple negotiability issue be processed through unfair labor practice procedures. Rather, the regulation allows the union to bifurcate the issues and receive an expedited review of its negotiability appeal, while the unfair labor practice proceeding involving the other issues is stayed. *See* 5 C.F.R. § 2424.5 (1982).

**7.** In every prior § 7117 proceeding before the Authority where the parties have raised combined negotiability and factual issues, the Authority has dismissed the appeal. Our decision today commands that the Authority must entertain the negotiability question under § 7117 but intimates no view as to whether the Authority must also dispose of the factual matters through the standard unfair labor practice procedures of § 7118. We caution that such an election, if not conducted in an expedited fashion, might serve to impermissibly undermine the congressional mandate of § 7117 to process negotiability questions quickly.

/s/ Leon B. Applewhaite
LEON B. APPLEWHAITE,
Member
FEDERAL LABOR
RELATIONS AUTHORITY